UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN GREEN,

        Plaintiff,

  v.                                        Case No. 19-C-1119

HSU MANAGER MARCHANT,
DR. KRON,
NURSE BLOCK,
DR. JEAN PIERRE, and
BRIAN FOSTER,

        Defendants.

## SCREENING ORDER

Plaintiff Damien Green, who is currently serving a state prison sentence at Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On August 9, 2019, the court waived the initial partial filing fee and directed Plaintiff to advise the court whether he wished to voluntarily dismiss the case within 21 days. Plaintiff has not moved to dismiss the case. As a result, Plaintiff's

motion for leave to proceed without prepaying the filing fee will be granted and the court will screen the complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On February 22, 2019, Plaintiff was transferred from Columbia Correctional Institution to Waupun Correctional Institution. Prior to the transfer, Plaintiff had many offsite appointments

2

scheduled, including surgery for his foot. Plaintiff claims the defendants canceled his foot surgery at the Divine Savior Hospital. Plaintiff filed a health services request to ask Health Services Unit (HSU) staff why his surgery was canceled and to inform staff about his excruciating pain. Nurse Block advised Plaintiff at an appointment that Nurse Practitioner Jean Pierre canceled the surgery so that they could coordinate with the security department, which would be responsible for taking Plaintiff to the appointment. Plaintiff advised Nurse Block that he had waited two years for the surgery and asked to speak to the doctor or nurse practitioner. Nurse Block did not allow him to talk to a doctor or nurse practitioner. Plaintiff alleges he wrote to HSU everyday about his pain and suffering. His right foot would swell up to the point where he could not walk. He claims that he was not given pain medication, only acetaminophen, which did not alleviate his pain.

On March 22, 2019, Plaintiff wrote HSU requesting to see his provider because he was in pain. Later that day, Plaintiff saw Dr. Kron. Plaintiff reported to Dr. Kron that he was scheduled for surgery with a podiatrist but WCI canceled the appointment. He also told Dr. Kron that the podiatrist prescribed Gabapentin, but he had not received it. Dr. Kron responded that he would not order Gabapentin for Plaintiff and provided Plaintiff with another medication to treat his pain. Plaintiff claims this medication made his head hurt and did not relieve his pain. Dr. Kron stated that he would not send Plaintiff to the Divine Savior Hospital for the foot surgery and instead would send him to Waupun Hospital to see its foot doctor. On April 18, 2019, Plaintiff presented to the foot doctor at Waupun Hospital. The doctor took x-rays, noted that Plaintiff's bone had "popped out" of his foot, and ordered that Plaintiff be sent to the doctor originally scheduled to do the foot surgery. Compl. at 7, Dkt. No. 1. The doctor also ordered T-3 for pain and gout medication. Once Plaintiff returned to WCI, Nurse Pierre refused to give him the medication that the doctor had

ordered. WCI called the podiatrist at the Divine Savior Hospital. The podiatrist stated he would not do the surgery because WCI cancelled the appointment. WCI then contacted the UW Hospital to schedule the foot surgery. Plaintiff's surgery has not been scheduled with UW Hospital.

In addition, Plaintiff claims that Dr. Kron prevented Plaintiff from getting a catheter every day and only provided a catheter once a week. Plaintiff also claims Dr. Kron stopped Plaintiff's supply of Betasept, which Plaintiff used to wash his catheter and his hands. He claims that he began peeing and throwing up blood but HSU staff failed to treat him. He also alleges that HSU Manager Marchant failed to make an appointment with UW Hospital to remove the mesh in his stomach, even though he threw up blood and had pain in his stomach.

### THE COURT'S ANALYSIS

Plaintiff claims Marchant, Dr. Kron, Nurse Practitioner Pierre, and Nurse Block acted with deliberate indifference when they canceled his foot surgery upon his arrival to WCI. He also asserts that Dr. Kron was deliberately indifferent when he prevented Plaintiff from receiving a new catheter every day and that Marchant was deliberately indifferent when she failed to make an appointment with UW Hospital to remove the mesh in Plaintiff's stomach.

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id.* at

4

837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citation omitted).

Although the Eighth Amendment does not require that physicians or medical staff comply with the treatment preferences of a prisoner, *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003), the Seventh Circuit has recognized that a delay in effective treatment may support a claim of deliberate indifference. "A doctor's choice of the 'easier and less efficacious treatment' for an objectively serious medical condition can still amount to deliberate indifference for the purposes of the Eighth Amendment. A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). In this case, Plaintiff's allegations against Marchant, Dr. Kron, Nurse Practitioner Pierre, and Nurse Block are sufficient to state deliberate indifference claims against them. Plaintiff may also proceed on his medical malpractice claims against these defendants.

Plaintiff alleges Warden Brian Foster was deliberately indifferent. He claims Warden Foster knew about his situation because Plaintiff wrote to him about the matter and he failed to do anything. These conclusory allegations are insufficient to state a deliberate indifference claim against Foster. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In particular, Plaintiff does not state what information he included in his correspondence or when he wrote to Warden Foster. Accordingly, Plaintiff's claim against Warden Brian Foster will be dismissed for failure to state a claim for relief.

5

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Warden Brian Foster is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  19th   day of September, 2019.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court