UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN GREEN,

      Plaintiff,

    v.                                   Case No. 19-C-1119

CHRYSTAL MELI, et al.,

      Defendants.

## ORDER

Plaintiff Damien Green, who is currently representing himself, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's second motion to compel free copies of his medical records. Plaintiff filed his first motion to compel, seeking copies of his medical records, on January 15, 2020. The court denied the motion, concluding that Plaintiff has the ability to access his medical records at his institution and the fact that he has been permitted to proceed *in forma pauperis* does not relieve him of his obligation to pay for the costs associated with pursuing this litigation. Dkt. No. 32.

In the present motion, Plaintiff does not dispute that he has access to his medical records at his institution. Instead, he asserts that he is indigent. But the court is not required to order that a defendant subsidize the litigation of prisoners or indigent litigants. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file

because plaintiff had been granted access to the file); *Stewart v. Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records."). To shift the cost of producing medical records to the institution in every case in which an indigent inmate asserts a claim involving his medical care would be unreasonably burdensome. The court will not compel the defendants to pay for an indefinite number of copies, as Plaintiff has reasonable access to his medical records where he can review the documents and take notes of those records that are relevant to his claim. Like any other civil litigant, Plaintiff must decide whether and how to spend his own funds or funds from his legal loan account on the discovery process to advance his claims.

Plaintiff also requests, in the alternative, that the court recruit counsel to assist him with obtaining discovery. This is Plaintiff's fourth motion to recruit counsel. The instant motion does not assert any new basis for his request that was not already considered in his previous motions. Again, the difficulties Plaintiff claims are the same difficulties any litigant would have in proceeding *pro se* and do not justify the extraordinary measure of having the court recruit private counsel. The court continues to find that counsel is unnecessary in this case. Accordingly, Plaintiff's motion to recruit counsel is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery (Dkt. No. 33) is **DENIED**.

Dated at Green Bay, Wisconsin this 28th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court